HECLA IRON WORKS v. MILLIKEN et al.

(Supreme Court, Appellate Division, Second Department.   March 13, 1900.)

1. MECHANICS' LIENS—MISTAKE—APPEAL—FINDINGS—REVIEW—EVIDENCE.

The finding of the trial court, in an action to foreclose a mechanic's lien, that certain disputed items of material used were not omitted from the contract of the parties by mistake, will not be disturbed on appeal, where the alleged mistake is not established by a strong preponderance of the evidence.

2. SAME.

On defendants' discovery that certain items were not included in a contract for building materials, they wrote the contractor, "Of course, it is understood that you included this work in your contract," and that they wished to see him when the work was completed in relation to the matter. Thereafter the contractor acknowledged the receipt of the contract for material, but made no reference to the letter, and there was only a slight showing that he ever agreed to a modification of the contract. *Held*, that the evidence was insufficient to show that the original contract contemplated that such materials had been omitted from the contract by mistake.

3. SAME—CUSTOMS—EVIDENCE.

Evidence as to the custom of building contractors to make a reduction from the amount of the contract, where work included therein is not performed, is properly excluded, in an action to foreclose a mechanic's lien, in the absence of proof that the work for which a reduction is claimed was not included in the contract.

Appeal from special term.

Action by the Hecla Iron Works against Edward F. Milliken and others for the foreclosure of a mechanic's lien. From a judgment for plaintiff, defendants appeal. Affirmed.

For former report, see 55 N. Y. Supp. 1141.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

John L. Hill, for appellants.

James F. McNaboe (Nathaniel S. Smith, on the brief), for respondent.

WOODWARD, J.   This action was brought to foreclose a mechanic's lien, the defendants setting up an equitable defense, al-

leging a mistake in the contract between plaintiff's assignors and the defendants Milliken Bros. The learned court decided the case upon the ground that "the disputed items for the marble treads and stairs to the roof" of the building were not included in the agreement between the parties. We have examined the evidence in the case, and, while there is evidence which suggests that there may have been a mistake, we do not find any such preponderance of evidence as to warrant this court in holding that the learned court below erred in reaching the conclusion recited in the judgment. There is nothing in the language of the contract, as construed by the specifications, which are admitted to have been in view by the plaintiff's assignor at the time the contract was made, which indicates that the marble treads were to be furnished by plaintiff's assignor, and the parol evidence is not such as to justify this court in reading such a clause into the contract against the contrary decision of the court below, which had the parties before it, and was therefore peculiarly in a position to judge of the weight of evidence. Indeed, it is conceded by the appellants that the contract did not include the marble treads, but it is urged that the contract was modified by a letter written by the defendants on the 22d day of January, 1896, in which it is recited that "we are advised by the general contractor to-day that the marble is entirely separate, and not included in our contract. This refers to the treads of the stairs. We would like to see your Mr. Jackson in relation to this matter when the contract is finished. Of course, it is understood that you included this work in your contract, but we understand, to offset a deduction, there is some extra casting on the front that you have to furnish." On the 13th day of February, 1896, the plaintiff's assignor made a formal acknowledgment of the receipt of the original order, without mentioning the receipt of the letter from which the above quotation is taken, and there is little in the evidence to show that the plaintiff's assignor ever agreed to any modification of the contract, or that he understood the original contract to include the marble treads, or that the work was not performed in accordance with the contract as it reads. We do not think the defendants have sustained the burden of proof upon the question whether the original contract included the marble treads, and, if it did not, then there is nothing in the claim for rebate. The defense is in the nature of an equitable counterclaim, and it is for the defendants to show that a mistake has been made; that the original contract contemplated that the plaintiff's assignor should furnish the marble treads, for, unless this was the understanding when the contract was made, there is no ground for equitable relief.

We find no errors in the admission or rejection of evidence. It was clearly not error to exclude evidence as to the custom of building contractors to make a deduction where work which was included in the contract is afterwards not done, because it was not shown that the work here under consideration was included in the contract. The defendants have sustained no injury by reason of the exclusion, because the court holds that the marble treads were not included in the original contract, and the objection was sus-

tained on the ground that "it does not appear at this present time relevant or competent."

The judgment appealed from should be affirmed.   All concur.